43510. ROGERS v. NANCE.

612

SUBMITTED MARCH 5, 1968—DECIDED APRIL 5, 1968.

*John D. Edge,* for appellant.

HALL, Judge. This court held in *Powell v. Barker,* 96 Ga. App. 592, 599 (101 SE2d 113), that whether a highway is open for travel is determined by the factual question whether its construction has "reached a point where the ordinarily prudent person would be warranted in believing it was open to public use and a safe place to travel." The following evidence was presented at the trial. The plaintiff testified that there was no barricade where he got on I-75, and the road was new and under construction. Another witness testified that he was employed by the Department of Public Safety and had investigated the wreck, and when he arrived at the scene found the plaintiff's vehicle sitting in the road on the pavement and the defendant's in a divider; that there were people who had been using the road; the State did not patrol the road and it had not been opened to the public at the time.

Colloquy between court and counsel following the defendant's motion for directed verdict shows that the court determined that

the plaintiff had failed to prove that the "highway was open to the public," and plaintiff's counsel admitted "that the highway had not been accepted by the State Highway Department at the time."

The undisputed evidence in this case shows. that there was no barricade where the plaintiff got on I-75; there was pavement on the road and a divider; and there were people who had been using it. Applying the rule of the *Powell* case to these facts, this court cannot hold as a matter of law that *no prudent person* would be warranted in believing the road was open to public use and a safe place to travel. We hold therefore that the defendant's liability for negligence in violation of the statutory provisions alleged must depend upon the determination of this factual question.

The trial court erred in directing the verdict for the defendant.

*Judgment reversed.  Bell, P. J., and Quillian, J., concur.*